FILED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 DEC -7 PM 2: 16

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| TERRI A. BODLEY, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | CASE NO. CV 98-B-0708-S |
| | } | |
| BRADLEY, ARANT, ROSE & WHITE, | } | |
| | } | |
| Defendant. | } | |

ENTERED
DEC 07 1998

### MEMORANDUM OPINION

This matter is before the court on the Motion to Recuse filed October 13, 1998, by plaintiff Terri A. Bodley. Plaintiff's request for this court's recusal arises from comments made by the court at a 16(b) scheduling conference on July 17, 1998. Plaintiff appeared pro se at this scheduling conference and defendant was represented by one of its associates.[1] The associate served as a law clerk to the undersigned judge.[2]

According to notes made by the court immediately following the scheduling conference, plaintiff stated at the conference that she anticipated an attorney entering an appearance for her in the next week or so. The court informed the plaintiff and counsel for defendant that it would be best to postpone the 16(b) scheduling conference until plaintiff's attorney could be present. The court calendared the case for several weeks in order to permit counsel to enter an appearance for the plaintiff. On August 4, 1998, the court set the case for

---

[1] In this case, plaintiff has sued her former employer, a law firm, for discrimination.

[2] This associate is not involved in any way in the claims made by the plaintiff against the defendant law firm. This associate, and his law firm, have moved to withdraw as counsel of record for the defendant. This Motion will be granted by separate order.

14

a scheduling conference on August 21, 1998. On August 10, 1998, plaintiff filed a Motion to Continue the Rule 16(b) Scheduling Conference and noted that due to an "unexpected hospitalization," she had "not had sufficient time to retain counsel to file a Notice of Appearance on her behalf." Plaintiff's Motion to Continue, at ¶ 4. This Motion was granted and the scheduling conference was reset for October 13, 1998. On October 13, 1998, plaintiff did not appear as ordered for the scheduling conference, but filed the Motion to Recuse presently before the court.

As stated in plaintiff's Motion to Recuse, the court did remind defendant's counsel during the scheduling conference of the old saying that any person who represents themself has a fool for a client. The court then urged the plaintiff to also consider retaining counsel. Plaintiff responded that she intended to retain counsel.

The plaintiff also notes in her Motion that after the scheduling conference, the court indicated it had another matter to discuss with defendant's counsel and asked if plaintiff would mind if defendant's counsel remained in the court's chambers. As noted, counsel for the defendant firm at the 16(b) conference was a former law clerk of the court. The conference was the first time he had appeared in the court's chambers. The court asked that he remain in order to inquire privately how things were going for him in his new firm. The court has no bias in favor of the defendant law firm. Indeed, the court knows nothing about the merits of this action.

Plaintiff now moves to recuse the undersigned from participation in this action due to alleged bias and prejudice on the part of the court with regard to the plaintiff's case. Plaintiff states in her motion that the court and defendant's counsel engaged "in small talk as though

2

they were at a social gathering and as if plaintiff did not exist." Motion to Recuse, ¶ 2. Plaintiff further alleges in the Motion that "she will not get a fair trial due to conflict of interest and partiality since it was obvious that Judge Blackburn and defendant are 'buddies'."

## STANDARD FOR RECUSAL

Although the motion for recusal does not allege the statutory grounds upon which it is based, the court treats the motion as if it were filed under 28 U.S.C. § 455. Section 455(a) provides that "any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b) provides in pertinent part that a judge shall disqualify himself "where he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b).

The court will examine the motion for recusal under each provision of Section 455. Eleventh Circuit precedent clearly holds that under Section 455(a) an actual demonstrated prejudice need not exist in order for a judge to recuse himself or herself. A trial judge should disqualify herself "if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. State of Alabama*, 828 F.2d 1532, 1541 (11th Cir. 1987); *see also Potashnick v. Port City Construction Co.*, 609 F.2d 1101 (5th Cir.), *cert. denied*, 449 U.S. 820 (1980). Because Section 455(a) focuses on the appearance of impartiality, as opposed to the existence in fact of any bias or prejudice, a judge faced with a potential basis for disqualification should consider how her participation looks to "the average person on the street." *Potashnick*, 609 F.2d at 1111.

While disqualification is mandatory in the situations outlined in Section 455(b), the court is of the opinion that this case does not fall under any provision of that section. The

3

court most certainly harbors "no personal bias or prejudice" against plaintiff in this matter. Furthermore, the bias suggested in the motion is alone insufficient to warrant recusal. Likewise, the court finds that recusal is unnecessary pursuant to 28 U.S.C. § 455(a). The court finds that, based upon the circumstances involved in this matter, the causes of action asserted by plaintiff, and the tenor of the conversation at the 16(b) conference, a "reasonable man" would not harbor doubts about the judge's impartiality. *See Potashnick*, 609 F.2d at 1111.

The court regrets that her comments at the hearing were misinterpreted by the plaintiff. The court certainly never implied that plaintiff's seeking of redress through the court system was improper. The court realizes the seriousness of plaintiff's allegations in this matter, and that the issues raised herein are very personal and emotional. However, in the absence of any actual bias or prejudice on the part of the court, and in the absence of a situation in which the "average person" on the street would harbor doubts about the judge's partiality, there exists no need for recusal. This is such a case.

## CONCLUSION

In accordance with the foregoing, the court finds that the Motion to Recuse is due to be denied. The court will enter an appropriate order contemporaneously herewith.

DONE this 7th day of December, 1998.

_Sharon Lovelace Blackburn_
**SHARON LOVELACE BLACKBURN**
United States District Judge